```
               UNITED STATES DISTRICT COURT
                        FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

SCOTT J. BINSACK, SR.,          :     No. 4:CV-03-1545
                                :
    Plaintiff,                  :     Case transferred 09/05/03
                                :
    vs.                         :     (Judge Muir)
                                :
WARDEN DAVID G. KEENHOLD,       :     (Magistrate Judge Smyser)
ET AL.,                         :
                                :
    Defendants                  :

<u>ORDER</u>

August 8, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On September 5, 2003, Plaintiff Scott J. Binsack, Sr., initiated this case by filing a *pro se* complaint.  Since the filing of his complaint, Binsack has retained counsel who are representing him *pro bono*.  The Clerk of Court assigned this case to us and assigned it to Magistrate Judge J. Andrew Smyser for preliminary consideration.

On February 14, 2005, the Magistrate Judge issued an order in which he, *inter alia*, placed the case on his September, 2005, Trial List.  On May 27, 2005, the Magistrate Judge issued a case management order setting the following deadlines: 1) June 27, 2005, for the submission of expert reports; 2) August 1, 2005, for discovery; and 3) August 1, 2005, for the filing of dispositive motions.

After the parties declined to consent to have the case tried before the Magistrate Judge, on June 16, 2005, we issued an order placing this case on our September, 2005, Trial List.  The case is currently on that list and the final pre-trial conference is set for August 11, 2005, at 10:00 a.m.

On August 3, 2005, Binsack filed a motion "To Enlarge Time of Case Management Deadlines" for a period of 30 days.  Binsack contends that the relief sought in that motion is necessary because his "counsel is proceeding pro bono, and encountered difficulty retaining an expert within the [previously established] deadline" for submitting expert reports. (Motion, p. 3)  Binsack acknowledges that several of the Defendants have filed summary judgment motions and he "agrees to extend the deadline for filing Motions for Summary Judgment, or Amending currently filed Motions, in accordance with the requested extension of time." (Id., p. 3)

In his motion Binsack states that "[c]ounsel for Defendants do not concur with this request." (Id., p. 4)  Although no supporting brief was filed with the motion, a number of the Defendants have already filed documents in opposition to the motion.  Because the case management conference is scheduled to occur only three days from now, we will rule on the motion to continue the case management deadlines.

2

Two unique circumstances control our disposition of Binsack's motion for a continuance of the pre-trial deadlines. The first is that the two attorneys representing Binsack have agreed to do so *pro bono* and it appears as though the expert witness recently retained to prepare a report on Binsack's behalf is similarly not expecting to be paid for his services. The complication which has lead to the request for more time arose only because Binsack was unable to retain a compensated expert. Denying the motion could conceivably prejudice Binsack's ability to present his case. We hesitate to allow such a result because of a party's finances.

The second material circumstance is that the current pre-trial deadlines do not provide the court sufficient time to rule on the Defendants' pending summary judgment motions before the trial is scheduled to commence. Even if Binsack had not filed any motion to continue the pre-trial deadlines, the trial date would most likely have to be postponed because not all of the summary judgment briefs will be received before the date set for the commencement of jury drawing for cases on the September, 2005, Trial List. The Defendants have acknowledged this complication in the motion filed by Defendant Esther on August 8, 2005, to continue the trial in this case. In addition, even after the Magistrate Judge issues his Report and Recommendation regarding the summary judgment motions, the parties are entitled

to an opportunity to file objections to the Report and Recommendation. The objections would have to be briefed before we ruled on them.

In the light of totality of the circumstances presented to us, we will grant Binsack's motion to continue the case management deadlines. All of the current dates except the date for the commencement of jury drawing will be extended. We will postpone the date to commence jury drawing *sine die* to allow the Magistrate Judge sufficient time to issue a Report and Recommendation as to the pending summary judgment motions, and to allow us enough time to rule on any objections to that Report and Recommendation.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Binsack's motion (Document 189) to extend the case management deadlines is granted in part and denied in part as provided in paragraphs 3 through 7 of this order.

2. Defendant Esther's motion (Document 200) to continue only the trial in this case is granted in part and denied in part as provided in paragraphs 3 through 7 of this order.

3. Binsack shall submit any expert reports to the defendants on or before August 26, 2005. The Defendants shall submit any expert reports to Binsack

      on or before September 14, 2005.  Any supplements shall be submitted to opposing parties on or before October 6, 2005, or the date on which the jury is selected, whichever occurs first.

4. All discovery shall be completed by August 31, 2005.

5. Any dispositive motion shall be filed with a supporting brief on or before August 31, 2005.

6. The trial in this case is continued *sine die*.

7. The pretrial conference in this case scheduled for August 11, 2005, is continued *sine die* and will be rescheduled when the report of the Magistrate Judge or when objections thereto are acted upon by this court.

                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge

MM:ga