UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT J. BINSACK, SR.,           :      No. 4:CV-03-1545
                                 :
        Plaintiff,               :      Case transferred 09/05/03
                                 :
        vs.                      :      (Judge Muir)
                                 :
WARDEN DAVID G. KEENHOLD,        :      (Magistrate Judge Smyser)
ET AL.,                          :
                                 :
        Defendants               :

ORDER

January 18, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Scott J. Binsack, Sr., initiated this civil rights
action pursuant to 28 U.S.C. § 1983 on July 10, 2003, by filing a
complaint in the United States District Court for the Eastern
District of Pennsylvania.  Binsack asserts a number of federal
and state claims in his complaint.  Upon its transfer to this
court, the Clerk of Court assigned the case to us and referred it
to Magistrate Judge J. Andrew Smyser for preliminary
consideration.  Although Binsack filed this case *pro se*, by order
dated December 1, 2003, Binsack's motion to appoint counsel was
conditionally granted by Magistrate Judge Smyser.  On December
10, 2003, two attorneys entered appearances on behalf of Binsack.

Some of Binsack's claims were dismissed in our order of July
8, 2004, in which we granted a motion for such relief.  A number

of Binsack's other claims were resolved in our order of November 2, 2004, in which we granted two defense motions for summary judgment.  Binsack's remaining claims are that his Eighth Amendment rights were violated as a result of the Defendants' alleged deliberate indifference to his serious medical needs and their excessive use of force, and state law claims of medical malpractice, "malicious process," "abuse of process," and "wrongful use of proceedings."

Six separate motions for summary judgment have been filed by the Defendants.  Those motions encompass all of Binsack's remaining claims.  Supporting and opposing briefs were filed in connection with each of those motions and the time for reply briefs expired with no such briefs being filed.  On December 16, 2005, Magistrate Judge Smyser issued a twenty-six page report recommending that summary judgment be granted in favor of the Defendants as to all of Binsack's federal claims and that Binsack's state-law claims be dismissed.

The time allowed for the parties to file objections to the Report and Recommendation expired on January 9, 2006, and to this date no objections have been filed.  The Magistrate Judge's Report and Recommendation is ripe for disposition.  When no objections are filed to such a report, we need only review that

report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).  The United States Supreme Court has stated that in the context of a motion for summary judgment a material fact is one which might affect the outcome of the suit under relevant substantive law. See Anderson vs. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The Supreme Court also stated in Anderson that a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. at 248.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Company, Ltd. vs. Zenith Radio Corporation, 475 U.S. 574, 587 (1986).

When addressing such a motion, our inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(emphasis added).

As summarized by the Advisory Committee On Civil Rules, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee note to 1963 Amendment.

The Defendants filed in connection with their summary judgment motions statements of material facts.  The assertions set forth in those statements are supported by the evidence of record.  The Defendants' statements establish that none of them was deliberately indifferent to any of Binsack's serious medical needs.  Although Binsack attempts to dispute a number of the factual assertions set forth in the Defendants' statements, we agree with Magistrate Smyser's conclusion that none of Binsack's disputes as to material facts is supported by the record.  We agree with Magistrate Judge Smyser's conclusion that Binsack has failed to present sufficient evidence to create a dispute of any material fact with respect to the claims based on the Defendants' medical treatment.  We will grant the defendants' motions for summary judgment as to those claims.

With respect to Binsack's remaining federal claims, the Magistrate Judge recommends that summary judgment be granted because Binsack failed to exhaust his administrative remedies with respect to those claims.  The evidentiary record confirms

4

that determination.  We will grant the Defendants' motions for summary judgment as to all of Binsack's non-medical federal claims for his failure to exhaust his administrative remedies.

As a result of the conclusions reached above in this order, there are no federal claims pending in this case.[1]  Consequently, Binsack's remaining state law claims are subject to dismissal pursuant to <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966).  The Court of Appeals for the Third Circuit has stated that

> the rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court. *See Lovell Mfg. Corp. v. Export-Import Bank of the United States,* 843 F.2d 725, 734 (3d Cir.1988).

Markowitz v. Northeast Land Co., 906 F.2d 100, 106 (3d Cir. 1990).  Pursuant to that authority, we agree with Magistrate Judge Smyser's conclusion that Binsack's state law claims should be dismissed.

Because the Magistrate Judge's Report and Recommendation are free from error, and no objections have been filed to it, we will

---

1.  The only claim we have not explicitly addressed to this point is that brought by Binsack against his fellow inmate Donnell James.  As noted by Magistrate Judge Smyser, Binsack's complaint can not be construed as containing any federal claim against James because James was not a state actor.  Therefore, any claim against James is one based on state law.

adopt it as our own.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   Magistrate Judge Smyser's Report and Recommendation
     filed on December 16, 2005, (Document 237) is adopted
     *in toto*.

2.   The Defendants' motions for summary judgment (Documents
     171, 173, 178, 179, 180, and 204) are granted.

3.   The Clerk of Court shall enter judgment in favor of the
     Defendants with respect to Binsack's federal claims.

4.   Binsack's state law claims are dismissed.

5.   The Clerk of Court shall close this case.

s/Malcolm Muir
MUIR, U. S. District Judge

MM:ga